***********
The undersigned have reviewed the record and the Decision and Order filed by Deputy Commissioner Baddour. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff filed a Tort Claim Affidavit with the Industrial Commission on August 6, 2001, alleging negligence on behalf of Dr. Dennis Koffer, a doctor under the employ of Defendant.
2. Plaintiff alleged at hearing that on September 25, 1998, Dr. Koffer while under the employ of Defendant negligently removed a skin lesion from Plaintiff's chest during surgery, and that the surgery caused Plaintiff to experience pain and suffering.
3. Plaintiff testified that after the surgery, Dr. Koffer told Plaintiff that the operation was a mistake.
4. Plaintiff did not present expert medical evidence at hearing to establish the applicable medical standard that should have been followed prior to or during the surgery in question; nor did Plaintiff produce competent medical evidence showing that the applicable medical standard was breached by the named negligent State employee.
 ***********
Based upon the forgoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. § 90-21.12, in order to recover in a medical malpractice action, Plaintiff must show that the Defendant's physician provided Plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus., Inc.,61 N.C. App. 211, 300 S.E.2d 557 (1983).
2. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. Swann v. Len-Care Rest Home, 127 N.C. App. 471,475, 490 S.E.2d 572, 575 (1997), rev'd on other grounds, 348 N.C. 68,497 S.E.2d 282 (1998); See also N.C. Gen. Stat. §§ 143-291; 143-297.
3. Plaintiff failed to present competent and credible evidence establishing the applicable standard of care owed to Plaintiff by each named negligent employee; nor did Plaintiff present any competent medical or psychological evidence showing that the named employees breached any duty owed to Plaintiff.
4. That Plaintiff failed to present competent expert medical or psychological evidence to support his contention that the named negligent doctor breached the applicable medical standard of care owed Plaintiff.
5. Even if Plaintiff succeeded in establishing the applicable medical standard and duties owed Plaintiff, and that said standard and duty were breached, Plaintiff has still failed to prove by the greater weight of the competent medical evidence that Plaintiff sustained any damages as a result of the surgery.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the North Carolina Tort Claims Act must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER